# EXHIBIT "A"

*Stan, Manilchu*
*4/21/17*
*11:16 AM*

## SUMMONS

Attorney(s) Robert T. Trautmann
Office Address 125 Half Mile Road, Suite 201
Town, State, Zip Code Red Bank, NJ 07701

Telephone Number (732) 704-4647
Attorney(s) for Plaintiff Robert T. Trautmann

ELIZABETH JOHNSON

Plaintiff(s)

Vs.

ENCOMPASS INSURANCE COMPANY

Defendant(s)

**Superior Court of New Jersey**

BERGEN COUNTY
Law DIVISION

Docket No: 1142-17

## CIVIL ACTION SUMMONS

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135.00 and completed Case Information Statement) if you want the court to hear your defense.

If your do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

*Michelle Smith*
Clerk of the Superior Court

DATED: 04/18/2017

Name of Defendant to Be Served: Encompass Insurance Company

Address of Defendant to Be Served: 2775 Sanders Road
Northbrook, IL 60062
*3075 Sanders Rd*
*Northbrook, IL*

Revised 09/04/2012, CN 10792-English (Appendix XII-A)

Robert T. Trautmann, Esq.
NJ Bar I.D. No. : 037562005
**MERLIN LAW GROUP, P.A.**
125 Half Mile Road, Suite 200
Red Bank, New Jersey 07701
732-933-2700

Attorneys for Plaintiff

| | |
|---|---|
| ELIZABETH JOHNSON<br><br>    Plaintiff<br>vs.<br><br>ENCOMPASS INSURANCE COMPANY<br><br>    Defendant. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION – BERGEN COUNTY<br><br>CIVIL ACTION<br><br>DOCKET No.: BER-L- 1142-17<br><br>**COMPLAINT AND JURY DEMAND** |

SUPERIOR COURT BERGEN COUNTY

FEB 14 2017

Plaintiff, ELIZABETH JOHNSON ("Plaintiff"), by and through its undersigned counsel, by way of Complaint against the above named Defendant, states as follows:

<u>**NATURE OF THE CASE**</u>

1. This is an action by the Plaintiff, homeowner, against their insurance carrier, ENCOMPASS INSURANCE COMPANY ("ENCOMPASS" or "Defendant"), for benefits owed under the insurance policy, which have not been paid, as a result of a homeowner's insurance claim for water damage following a pipe break.

2. Plaintiff purchased an "all risk" insurance policy from ENCOMPASS, which covers all risks of direct physical loss unless excluded under the policy.

3. ENCOMPASS failed to pay the damages due and owing under the insurance policy, and further acted in violation of the implied duty of good faith and fair dealing contained in the insurance policy, further damaging the Plaintiff.

**PARTIES**

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1                    1

4. Plaintiff was and is a resident the State of New Jersey and the owner of the property at issue located at 16 Maple Street, Closter, Bergen County, New Jersey 07624.

5. Defendant ENCOMPASS is an insurance company authorized to do business in the State of New Jersey.

## JURISDICTION AND VENUE

6. Defendant ENCOMPASS is subject to the jurisdiction of this Court because it issued an insurance policy, which was to be performed in the state of New Jersey, and the Defendant failed to pay benefits to the Plaintiff.

7. Subject-matter jurisdiction is proper in the Law Division pursuant to New Jersey Rules of Civil Procedure Rule 4:3-1(a)(4).

8. Venue is properly laid in Bergen County pursuant to New Jersey Rules of Civil Procedure Rule 4:3-2(b), because the subject property is located within Bergen County and the Defendant voluntarily insured property located in Bergen County.

## FACTS COMMON TO ALL COUNTS

9. Plaintiff, at all relevant times, has been the owner of certain real property located at 16 Maple Street, Closter, Bergen County, New Jersey 07624.

10. The aforementioned property is a residential property.

11. Plaintiff purchased an all risk insurance policy from ENCOMPASS, which covered the property at issue in this matter.

12. All premiums on the Policy were paid, and the Policy was in full force and effect at all relevant times herein.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1                    2

13. The Policy includes insurance coverage for, *inter alia*, the risk of direct physical loss to the dwelling, including water damage.

14. The Policy includes insurance coverage for personal property for the risk of direct physical loss, including water damage, to the Plaintiff's personal property.

15. The Policy includes insurance coverage for loss of use for the risk of direct physical loss, including water damage.

16. On or about June 1, 2015, a pipe broke inside the Plaintiff's residence which caused significant damage to Plaintiff's Property.

17. Water damage, is a covered risk under the Policy.

18. The Plaintiff's property sustained significant losses as a result of water damage.

19. Plaintiff promptly submitted an insurance claim to ENCOMPASS for the damage to the property caused by water damage.

20. ENCOMPASS assigned claim number Z7127452 to the Plaintiff's claim.

21. ENCOMPASS sent an adjuster to evaluate the damage to the Plaintiff's property associated with the water damage.

22. Defendant, through their adjuster has only paid for a small portion of the covered damages to the Plaintiff's home.

23. During the repairs to the property, it was discovered that the damages greatly exceeded the original amount paid by the Defendant.

24. The Defendant has refused to inspect the additional damages to the Plaintiff's homes.

25. Further, the parties could not agree to the amount of additional living expenses to which the Plaintiff was entitled and agreed to submit the issue of additional living expenses to appraisal.

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

26. An appraisal aware in the amount of $28,225.62.

27. Despite agreeing to appraisal and being legally obligated to pay the award, the Defendant refuses to pay the same.

28. Plaintiff has cooperated with ENCOMPASS and has complied with all post-loss obligations listed in the Policy.

29. ENCOMPASS has failed and refused to promptly or properly adjust the Plaintiff's losses from the water damage.

30. The Plaintiff suffered damages from the water damage for which ENCOMPASS has failed to pay.

31. Plaintiff has demanded payment pursuant to the terms of the Policy.

32. ENCOMPASS has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policy.

33. ENCOMPASS's failure and/or refusal to pay the insurance proceeds due and owing under the Policy constitutes a breach of the express terms of the insurance contract.

34. Plaintiff has done and performed all those matters and things properly and reasonably required and requested of it under the Policy.

35. As a direct result of ENCOMPASS's breach of the insurance contract, Plaintiff has suffered and continues to suffer financial damages.

36. As a direct result of ENCOMPASS's breach of the insurance contract, Plaintiff was required to become obligated for attorney's fees and costs in connection with the prosecution of this action.

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1                    4

## COUNT ONE – Breach of Contract

37. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 36 as if set forth in full herein.

38. Plaintiff and ENCOMPASS entered into an insurance contract whereby ENCOMPASS promised to pay for covered damages to Plaintiff's property.

39. Plaintiff's property sustained covered losses caused by pipe break taking place on or about June 1, 2015.

40. Plaintiff has demanded payment pursuant to the terms of the Policy.

41. ENCOMPASS has failed and refused to pay the insurance proceeds to Plaintiff as required under the Policy.

42. ENCOMPASS has failed and refused to pay the appraisal award to Plaintiff as required under the Policy.

43. ENCOMPASS's failure to pay the insurance proceeds is a breach of the express terms of the contract.

44. As a result of ENCOMPASS's breach of the insurance contract, Plaintiff has suffered and continue to suffer damages.

**WHEREFORE**, Plaintiff, ELIZABETH JOHNSON demands judgment against Defendant, ENCOMPASS INSURANCE COMPANY on Count One for:

(a) Compensatory damages;

(b) Consequential damages;

(c) Pre-judgment interest and post-judgment interest;

(d) Costs of suit;

(e) Attorneys' fees; and

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

(f) For such other relief as the court may deem equitable and just.

## COUNT TWO – Breach of Implied Covenant of Good Faith and Fair Dealing

45. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 44 as if set forth in full herein.

46. Plaintiff and ENCOMPASS entered into an insurance contract whereby ENCOMPASS promised to pay for covered damages to Plaintiff' property.

47. That contract includes an implied covenant of good faith and fair dealing. This covenant includes, but is not limited to duties to honestly, promptly, and fairly investigate facts of coverage, evaluate damages, adjust the loss, communicate and cooperate with the insured, and promptly pay the full amount of covered losses.

48. ENCOMPASS failed to properly adjust Plaintiff's claim by engaging in activities that include, but are not limited to:

   a. Failing to pay a properly executed appraisal award;
   b. Failing to communicate or respond to Plaintiff in a timely fashion;
   c. Failing to inspect the damaged property in a timely fashion;
   d. Failing to retain the services of an engineer and experts in a timely fashion;
   e. Failing to provide engineer reports in a timely fashion;
   f. Failing to consider all facts in support of coverage;
   g. Failing to abide by the policy terms and cover all damages caused by water damage; and

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1                  6

  h. Failing to issue a final decision on the claim until many months after the storm.

49. ENCOMPASS's actions, in failing to properly adjust Plaintiff's claim, is a breach of the implied covenant of good faith and fair dealing.

50. ENCOMPASS knowingly breached the implied covenant of good faith and fair dealing in an attempt to deprive Plaintiff of their rights and reasonable expectations under the insurance contract.

51. As a result of ENCOMPASS's breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered and will continue to suffer damages.

**WHEREFORE**, Plaintiff, ELIZABETH JOHNSON demands judgment against Defendant, ENCOMPASS INSURANCE COMPANY on Count Two for:

 (a) Compensatory damages;

 (b) Consequential damages;

 (c) Pre-judgment interest and post-judgment interest;

 (d) Costs of suit;

 (e) Attorneys' fees; and

 (f) For such other relief as the court may deem equitable and just.

### COUNT THREE – Consumer Fraud Act

52. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 51 as if set forth in full herein.

53. Defendant is a person within the meaning of the New Jersey Consumer Fraud Act.

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1  7

54. Defendant sold the aforementioned insurance policy to the Plaintiff and said action falls within the scope of the New Jersey Consumer Fraud Act.

55. All of Defendant's aforesaid actions and/or inactions in their performance under this insurance policy were in violation of the New Jersey Consumer Fraud Act.

56. Defendant was deceptive in their adjustment of this claim as follows:

    a. In failing to pay a properly executed appraisal award;
    b. in failing to pay the full amount owed under the claim;
    c. in failing to timely pay the claim;
    d. in scheming to defraud its policyholder;
    e. in acting in reckless disregard for its obligations under the policy;
    f. in fraudulently creating values and assigning them to the covered loss to increase its own profitability;
    g. in accepting premiums without intention to pay monies owed for covered losses;
    h. in fraudulently telling its policyholder that the losses were not covered despite evidence that they were;
    i. in claiming that losses were due to uncovered causes despite no evidence to support said non-covered cause;
    j. in claiming that losses were due to uncovered causes despite evidence to support a covered loss;
    k. in hiring agents to investigate the claim who are grossly unqualified to determine the cause of loss;
    l. in unilaterally denying covered losses without proper investigation;

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1

8

Case 2:17-cv-03527-JMV-MF   Document 1-1   Filed 05/18/17   Page 11 of 12 PageID: 16

  m. in falsely misrepresenting what its responsibilities were under the policy.

57. The above actions on part of the Defendants were part of an ongoing, widespread and continuous scheme to defraud its insured in the payment of benefits under their policies of insurance.

58. Plaintiff's experience is not an isolated case. The acts and omissions of Defendant committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendant with regard to handling these types of claims. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder. Specifically, Defendants received a benefit when it refused to pay Plaintiff's entire claim because it retained thousands of dollars that should rightfully have been paid to Plaintiff under the Policy.

59. As a result of all of the above Defendant is in violation of the New Jersey Consumer Fraud Act and Plaintiff seeks damages under said Act.

**WHEREFORE**, the Plaintiff, ELIZABETH JOHNSON demands judgment against the Defendant, ENCOMPASS INSURANCE COMPANY on Count Three for:

 (a) Compensatory damages;

 (b) Consequential damages;

 (c) Treble and Punitive Damages;

 (e) Cost of suit;

 (f) Attorneys fees;

 (g) For such other relief as the court may deem equitable and just.

MERLIN LAW GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1  9

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that the matter in controversy is not the subject of any other action pending in any Court, is not the subject of a pending arbitration proceeding, and is not the subject of any other contemplated action or arbitration proceeding.

## JURY DEMAND

Plaintiff hereby demands trial by jury as to all issues in the above matter.

## DESIGNATION OF TRIAL ATTORNEY

In accordance with R. 4:25-4, Robert T. Trautmann, Esq., is hereby designated as trial counsel for the Plaintiff in the above matter.

Date: January 31, 2017

MERLIN LAW GROUP, P.A.

By: _____
Robert T. Trautmann, Esq.
Attorneys for Plaintiff

MERLIN LAW
GROUP, PA
125 Half Mile Road
Suite 200, Red Bank
New Jersey, 07701
www.Merlinlawgroup.com

T1577161.DOCX;1                              10