UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ELIZABETH JOHNSON,

*Plaintiff*,

v.

ENCOMPASS INSURANCE COMPANY,

*Defendant*.

Civil Action No. 17-3527 (JMV) (MF)

**OPINION**

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on the motion filed by Defendant Encompass Insurance Company ("Encompass" or "Defendant") to dismiss two counts of Plaintiff Elizabeth Johnson's ("Plaintiff") three-count Complaint. D.E. 1, 5. Plaintiff's alleges that Defendant has wrongfully withheld, and continues to withhold, insurance coverage after a pipe broke in her home causing water damage. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED** in part and **DENIED** in part.

**I.  Factual Background & Procedural History**

The following facts are taken from Plaintiff's Complaint, Ex. A to D.E. 1 (hereinafter "Complaint" or "Compl."). Plaintiff purchased an "all risk insurance policy" from Defendant,

---

[1] The following briefs were submitted in connection with this motion: Memorandum of Law in Support of Defendant Encompass Insurance Company's Motion to Dismiss Pursuant to Rule 12(b)(6), D.E. 5, hereinafter "Defendant's Brief" or "Def. Br."; Plaintiff's Brief in Opposition to Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6), D.E. 7, hereinafter "Opposition" or "Opp."

which covered Plaintiff's home and personal property, including coverage for water damage and for "loss of use" from water damage. Compl. at ¶¶ 9-14. "On or about June 1, 2015, a pipe broke inside the Plaintiff's residence," causing "significant damage." *Id.* at ¶ 16. Plaintiff submitted an insurance claim to Defendant, and Defendant sent an adjuster to evaluate the damage. *Id.* at ¶¶ 19-21. Plaintiff alleges Defendant paid for only a "small portion" of the damages covered by the policy. *Id.* at ¶ 22. Specifically, during the repair process, "it was discovered that the damages greatly exceeded the original amount paid by the Defendant." *Id.* at ¶ 23. Defendant, however, "has refused" to perform a further inspection. *Id.* at ¶ 24. Additionally, the parties were unable to agree on the amount of living expenses due Plaintiff, and the issue was submitted to an appraiser, who determined that the amount was $28,225.62. *Id.* at ¶¶ 25-26. Defendant has also refused to pay that amount. *Id.* at 27.

The Complaint was initially filed in the Superior Court of New Jersey on February 14, 2017. Ex. A to D.E. 1. Defendant removed the action to this Court on May 18, 2017. D.E. 1. The Complaint lists three causes of action: (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) violation of the New Jersey Consumer Fraud Act ("CFA"). Compl. at ¶¶ 37-59. Count III includes a demand for treble and punitive damages, and Plaintiff requests attorneys' fees for all three counts.[2] Defendant filed the instant motion on May 25, 2017, D.E. 5, which Plaintiff opposed, D.E. 7. Defendant did not file a reply.

---

[2] Plaintiff did not request punitive damages for Counts I or II.

## II. Standard of Review[3]

Federal Rule of Civil Procedure 12(b)(6) permit a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, No. 14-7148, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

---

[3] Of note, in her Opposition, Plaintiff refers to Defendant's motion as one for "summary judgment," Opp. at 1, when Defendant has in fact filed a motion to dismiss. Plaintiff also refers to the notice pleading standard as articulated in *Conley v. Gibson*, 355 U.S. 41 (1957). Opp. at 4. The notice pleading standard of *Conley* has since been replaced by the plausibility standard of *Iqbal* and *Twombly*, which is discussed herein.

3

## III. Analysis

Defendant seeks to dismiss Count II (for breach of the implied covenant of good faith and fair dealing) and Count III (for violation of the CFA). Def. Br. at 1-2. Defendant also seeks to dismiss Plaintiff's claim for attorneys' fees as well as her request for treble damages and punitive damages as to Count III. *Id.* at 2. Defendant argues in its motion that Plaintiff's claim for a breach of the duty of good faith and fair dealing should be dismissed because Defendant has paid part of Plaintiff's claim. Def. Br. at 4-5. Defendant adds that the CFA does not apply to cases where a plaintiff alleges non-payment of insurance benefits. *Id.* at 7. Defendant lastly asserts that Plaintiff's claims for attorneys' fees and punitive damages should be dismissed as a matter of law. *Id.* at 10-12. Plaintiff responds that Count II is properly pled. She further argues that the CFA does apply, and both attorneys' fees and punitive damages are appropriate in this case given Defendant's conduct. *Id.* at 8-10. The parties agree that New Jersey law applies. Def. Br. at 5, Opp. at 6.

### a. Breach of the Implied Covenant of Good Faith and Fair Dealing

The implied covenant of good faith and fair dealing is a "component of every contract" that requires both parties to a contract act in "good faith[,]" that is, they must "adher[e] to 'community standards of decency, fairness, or reasonableness.'" *Iliadis v. Wal-Mart Stores, Inc.*, 181 N.J. 88, 109 (2007) (internal citations omitted). Good faith "requires a party to refrain from 'destroying or injuring the right of the other party to receive its contractual benefits.'" *Id.* at 110 (citation omitted).

In New Jersey, insurers are required to act in good faith and can be held liable for "bad-faith refusal to pay first-party claims or benefits." *Pickett v. Lloyd's*, 131 N.J. 457, 468 (1993). In *Pickett*, the New Jersey Supreme Court adopted the "fairly debatable" standard for tort recovery

4

under insurance contracts, meaning that if a claim is "fairly debatable, no liability in tort will arise[.]" *Id.* at 473. Conversely, if "no debatable reasons existed for the denial of benefits," bad faith can be established. *Id.* at 473, 481 (internal citations omitted). Mere negligent inattention to a claim is not sufficient, for example, when a claim is lost in a computer processing system. *Id.* at 473. Instead, a plaintiff must show that the insurer's "conduct is unreasonable," or "the insurer knows the conduct is unreasonable or recklessly disregards the fact that the conduct is unreasonable." *Id.* at 474.

Defendant argues in its motion to dismiss that Plaintiff's good faith and fair dealing claim must be dismissed because it paid part of her claim, but this argument misses the point. Plaintiff alleges in the Complaint that Defendant refused to reinspect the property once further damage was discovered, and that Defendant refused to pay an appraisal award despite its legal obligation. Moreover, Defendant fails to cite to any binding authority to support its argument that, as a matter of law, it cannot be liable because it first paid a claim but then refused to inspect (much less pay) later-discovered damage. Given these facts, Plaintiff has pled sufficient facts to support Count II.[4]

### b. The New Jersey Consumer Fraud Act

The New Jersey Consumer Fraud Act provides that the

> act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice....

---

[4] Alternately, Defendant asks that discovery into the question of whether it acted in bad faith be stayed pending resolution of the breach of contract claim. Def. Br. at 6. The Court will leave this issue to the Magistrate Judge who is overseeing discovery in this case.

N.J.S.A. § 56:8-2. "Claims under the CFA are required to meet the particularity requirement of Fed. R. Civ. P. 9(b)," which requires more than the *Twombly-Iqbal* standard, including "notice of the precise misconduct with which [defendant is] charged." *Daloisio v. Liberty Mut. Fire Ins. Co.*, 754 F.Supp.2d 707, 709 (D.N.J. 2010) (internal citations omitted). A CFA claim is comprised of "(1) unlawful conduct; (2) ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." *International Union of Operating Engineers Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 192 N.J. 372, 389 (2007).

Defendant submits that while the marketing and/or sale of insurance policies can serve as the basis for a CFA claim, payment and non-payment of insurance benefits under a policy cannot. Def. Br. at 7-9. Defendant appears to be correct. The Supreme Court of New Jersey has indicated that non-payment of insurance "benefits to which the plaintiffs believed they were entitled does not compromise an unconscionable commercial practice," and thus is not covered by the CFA. *International Union of Operating Engineers*, 192 N.J. at 710 (quoting *Van Holt v. Liberty Mut. Fire Ins. Co.*, 163 F.2d 161, 168 (3d Cir. 1998)). Plaintiff does not cite any contrary authority. Opp. at 7-8. Failure to pay benefits under an insurance contract is more properly pled as a breach of contract, which Plaintiff has done here in Count I. *Cf. Daloisio*, 754 F.Supp.2d at 710. ("[B]reach of an enforceable contract does not constitute a violation of the CFA."). Thus, Count III is dismissed with prejudice.

### c. Punitive Damages & Attorneys' Fees

Plaintiff sought punitive damages as to Count III but not for Count I or II.[5] Because Count III is dismissed, Plaintiff's request for punitive damages and attorneys' fees as to that count are likewise dismissed.

The Complaint also seeks attorneys' fees as to Counts I and II. "New Jersey [courts] generally disfavor[]" awarding attorneys' fees," and instead adhere to the "American Rule" whereby "the prevailing litigant is ordinarily not entitled to collect" attorneys' fees from the loser. *Packard-Bamberger & Co., Inc. v. Collier*, 167 N.J. 427, 440 (2001); *New Jerseyans for Death Penalty Moratorium v. New Jersey Dept. of Corrections*, 185 N.J. 137, 152 (2005). Plaintiff has provided no authority in support of her request for attorneys' fees in a breach of contract claim that provides an exception to the general rule against awarding attorneys' fees. For example, she does not indicate that the insurance contract itself provides for fees to the prevailing party. However, Plaintiff is correct that she can recover attorneys' fees in a first-party insurance claim when there is an allegation of bad faith. *See 213-15 76th St. Condo Ass'n. v. Scottsdale Ins. Co.*, 2015 U.S. Dist. LEXIS 100212, at *6 (D.N.J. July 13, 2015). As a result, Defendant's motion as to attorneys' fees is granted as to Count I but denied as to Count II.

### IV. Conclusion

For the reasons stated above, Defendant's motion is granted in part and denied in part. Count III is dismissed with prejudice. Counts I and Count II remain, but Plaintiff's request for attorneys' fees as to Count I is dismissed. If Plaintiff wishes to amend her Complaint to plausibly

---

[5] Plaintiff's Opposition appears to argue that she is entitled to punitive damages for all three counts, but Plaintiff cannot amend her Complaint through her brief. *Pennsylvania ex rel. Zimmerman v. Pepsico*, 836 F.2d 173 (3d Cir.1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.").

7

plead allegations showing that she is entitled to punitive damages as to Counts I or II, or attorneys' fees as to Count I, she may do so within thirty (30) days. An appropriate Order accompanies this Opinion.

Dated: June 5, 2018

John Michael Vazquez, U.S.D.J.