Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ELIZABETH JOHNSON, | |
|---|---|
| *Plaintiff,* | Civil Action No. 17-3527 |
| v. | (JMV) (MF) |
| ENCOMPASS INSURANCE COMPANY, | OPINION |
| *Defendant.* | |

**John Michael Vazquez, U.S.D.J.**

This case comes before the Court on a motion to dismiss, D.E. 11, filed by Defendant Encompass Insurance Company to dismiss Plaintiff Elizabeth Johnson's First Amended Complaint ("FAC") as to punitive damages in Counts I and II, D.E. 10. The Court previously granted in part and denied in part Defendant's motion to dismiss Plaintiff's original Complaint. D.E. 8, 9. Plaintiff alleges that Defendant wrongfully withheld, and continues to withhold, insurance coverage after a pipe broke in her home causing water damage. The Court reviewed the parties' submissions[1] and decided the motion without oral argument pursuant to Fed. R. Civ. P. 78(b) and L. Civ. R. 78.1(b). For the reasons set forth below, Defendant's motion to dismiss is **GRANTED**.

I. **Factual Background & Procedural History**

Plaintiff seeks recovery under her insurance policy with Defendant for significant water damage caused to her home from a break in a plumbing line and subsequent expenses for alternate

---

[1] Defendant's brief in support of its motion, D.E. 11-2, is referred to as "Defendant's Brief" or "Def. Br." Plaintiff's brief in opposition, D.E. 13, is referred to as "Opposition" or "Opp." Defendant did not file a reply brief.

living arrangements. FAC at ¶ 4. While Defendant did make a payment to Plaintiff, Plaintiff contends that she is entitled to additional benefits. *Id.* at ¶¶ 6, 24, 26-28, 31-32.

On June 6, 2018, Defendant's first motion to dismiss was granted in part and denied in part. D.E. 9. The Court gave Plaintiff thirty (30) days to amend her Complaint to plausibly assert a claim for punitive damages in Counts I and II, or attorneys' fees as to Count I. D.E. 9. Plaintiff then filed an Amended Complaint on July 3, 2018. D.E. 10. The Amended Complaint now lists only two counts: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Plaintiff seeks punitive damages for both counts, but did not seek attorneys' fees under Count I. The current motion followed, seeking to dismiss the claim for punitive damages in both counts.

## II.  Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permit a motion to dismiss when a complaint fails "to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).

In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). Restatements of the elements of a claim are legal conclusions, and therefore, not entitled to a presumption of

truth. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011). The Court, however, "must accept all of the complaint's well-pleaded facts as true." *Fowler*, 578 F.3d at 210. Even if plausibly pled, however, a complaint will not withstand a motion to dismiss if the facts alleged do not state "a legally cognizable cause of action." *Turner v. J.P. Morgan Chase & Co.*, 2015 WL 12826480, at *2 (D.N.J. Jan. 23, 2015).

### III. Analysis[2]

First, the New Jersey Punitive Damages Act bars a claim of punitive damages on both counts. The New Jersey's Punitive Damages Act states as follows:

> Punitive damages may be awarded to the plaintiff only if the plaintiff proves, by clear and convincing evidence, that the harm suffered was the result of the defendant's acts or omissions, and such acts or omissions were actuated by *actual malice or accompanied by a wanton and willful disregard* of persons who foreseeably might be harmed by those acts or omissions.

N.J.S.A. §2A:15-5.12(a) (emphasis added).

The statute requires that a plaintiff must plead facts sufficient for the court to conclude that the insurer acted with "actual malice or accompanied by a wanton and willful disregard." *Id.* New Jersey courts have interpreted this to mean that "in order to sustain a claim for punitive damages, a plaintiff [must] show something other than a breach of the good-faith obligation[.]" *Pickett v. Lloyd's*, 131 N.J. 457, 475–76 (1993). "That 'something' else has been described as 'egregious circumstances.'" *Polizzi Meats, Inc. v. Aetna Life & Cas. Co.*, 931 F. Supp. 328, 335 (D.N.J. 1996) (quoting *Pickett*, 131 N.J. at 475-76). The court in *Pickett* agreed with New Jersey courts that "absent egregious circumstances, no right to recover for emotional distress or punitive damages exists for an insurer's allegedly wrongful refusal to pay a first-party claim." *Pickett*, 131 N.J. at

---

[2] The parties agree that New Jersey substantive law applies.

3

476. In *Nappe v. Anschelewitz, Barr, Ansell & Bonello*, the New Jersey Supreme Court found that "[t]o warrant a punitive award, the defendant's conduct must have been wantonly reckless or malicious. There must be an intentional wrongdoing in the sense of an 'evil-minded act' or an act accompanied by a wanton and wilful [sic] disregard of the rights of another." 97 N.J. 37, 49 (1984) (quoting *DiGiovanni v. Pessel*, 55 N.J. 188, 191 (1970).

Plaintiff has not sufficiently pled that Defendant's actions were driven by either actual malice or a wanton and willful disregard.

### a. Count I: Breach of Contract

Defendant adds that Plaintiff's claim of punitive damages in Count I is improper because New Jersey courts have held that punitive damages are not recoverable for breach of contract claims except in very limited circumstances. "[Punitive] damages are not recoverable under New Jersey law for breach of contract." *See Thomas v. Ne. Univ.*, 457 F. App'x 83, 85 (3d Cir. 2012) (citing *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1194 (3d Cir.1993)). The general rule is "punitive damages are not available in contract cases." *See Ellmex Const. Co. v. Republic Ins. Co.*, 202 N.J. Super. 195, 207 (App. Div. 1985) (holding that no New Jersey authority supported the conclusion that punitive damages could be imposed in an insurance contract case). "In the absence of exceptional circumstances dictated by the nature of the relationship between the parties or the duty imposed by the wrongdoer, the concept of punitive damages has not been permitted in litigation involving breach of a commercial contract." *Villa Enterprises Mgmt. Ltd.*, 360 N.J. Super. at 189-90 (quoting *Sandler v. Lawn–A–Mat Chem. & Equip. Corp.*, 141 N.J. Super. 437 (App. Div. 1976), holding modified by *Ellmex Const. Co. v. Republic Ins. Co.*, 202 N.J. Super. 195 (App. Div. 1985)). The exception to the general rule applies when there is an "existence of a fiduciary relationship, for instance an action by a seller against her real estate broker." *Id.* at 190.

4

Plaintiff acknowledges that punitive damages are not usually recoverable for straightforward breaches of contract claims but asserts that Defendant's conduct is distinct in that it reaches a level of aggravated circumstances that is beyond a mere breach of contract claim. Opp. at 5. However, Plaintiff's Amended Complaint does not provide adequate factual allegations to support this assertion, nor does she suggest the existence of any fiduciary relationship. Accordingly, the claim for punitive damages in Count I is dismissed.

### b. Count II: Breach of the Implied Covenant of Good Faith and Fair Dealing

Defendant next argues Plaintiff has not alleged facts supporting a claim for punitive damages as to the breach of the implied covenant of good faith and fair dealing, which requires either a fiduciary relationship or particularly egregious conduct on the Defendant's part. Defendant relies on *Gilliam v. Liberty Mut. Fire Ins. Co.*, 2014 WL 10191547 (D.N.J. Sept. 26, 2014). Def. Br. at 7-9.

In *Gilliam*, the plaintiffs sued their insurance provider after the insurer failed to properly adjust the claim, complete an adequate investigation, or make a claim decision in a reasonable time period. *Id.* at *1. Relying on New Jersey precedent, the court in *Gilliam* ruled that absent a special relationship or aggravated circumstances, punitive damages in contract actions are prohibited. *Id.* at *3. The court asserted that a special relationship would be created if the insurer acted as a fiduciary for the insured, such as when settling a third-party claim. *Id.* The court then found that a fiduciary relationship did not exist, as it was a first-party insurance claim, and dismissed the plaintiffs' demand for punitive damages. *Id.* The *Gilliam* court also declined to find that the plaintiffs had pled sufficient facts to support aggravated circumstances as to the allegations of lack of adequate investigation, delay, and failure to pay. *Id.* The court in *Gilliam* described egregious or intolerable conduct as the type "outrageous in its character that would be necessary…to support

5

an award of punitive damages." *Id.* Here, as noted, Plaintiff does not allege that a fiduciary relationship with Defendant existed. Like *Gilliam*, this matter involves a first-party insurance claim. As to aggravated circumstances, as noted above, Plaintiff fails to sufficiently allege facts to support such an inference.

Plaintiff relies on *Pickett*, 131 N.J. 457, as to an insurance company's bad faith liability when denying benefits or processing a claim. Opp. at 6. The court in *Pickett* held that a claimant must show that either there was no debatable reason to deny benefits or, as to a processing delay, no valid reason existed for the delay and the insurance company knew or recklessly disregarded that fact. *Id.* at 481. The court also asserted that while there is no right to punitive damages for an insurer's wrongful refusal to pay a first-party claim, "[d]eliberate, overt and dishonest dealings" were torts distinct from a bad-faith claim. *Id.* at 476 (quoting *Farr v. Transamerica Occidental Life Ins. Co.*, 699 P.2d 376, 383-84 (1984)) (internal quotation marks omitted). As pled, Defendant's behavior does not rise to the level of egregiousness required for an award of punitive damages. Plaintiff has not sufficiently alleged that there were any deliberate, overt, or dishonest dealings on Defendant's part.

For the foregoing reasons, the Court finds that Plaintiff has not adequately supported her claim for punitive damages as to Count II.

**IV. Conclusion**

For the reasons stated above, Defendant's motion is **GRANTED**. Plaintiff's claim for punitive damages in Count I and Count II of the First Amended Complaint is dismissed. An appropriate Order accompanies this Opinion.

Dated: June 20, 2019

                                            John Michael Vazquez, U.S.D.J.